YASHA RAHIMZADEH, ESQ. (SB #230487)
LAW OFFICES OF YASHA RAHIMZADEH
500 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone: (916) 337-8066
Email: yrlaw@attorneynorcal.com

Attorney for Debtor
12th & K ST. MALL PARTNERS, LLC

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 24-21715-C-7 |
| 12th & K ST. MALL PARTNERS, LLC | Chapter 7 |
| Debtor. | **DEBTOR 12th & K ST. MALL PARTNERS, LLC OPPOSITION TO DCR MORTGAGE 10 SUB 3, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Date: June 26, 2024<br>Time: 10:00 a.m.<br>Location: Courtroom 35; 6th Floor<br>501 I Street<br>Sacramento, CA<br>Judge: Christopher M. Klein |

Debtor 12th & K ST. MALL PARTNERS, LLC (hereinafter "Debtor") hereby submits this Opposition to DCR MORTGAGE 10 SUB 3, LLC'S ("DCR") Motion For Relief From Automatic Stay (hereinafter "Motion").

## I.
## INTRODUCTION

DCR's calculation of the amounts Debtor is in arrears on the Commercial Real Estate Loan Agreement dated as of February 28, 2018 (the "Loan Agreement"), attached

DEBTOR 12th & K ST. MALL PARTNERS, LLC OPPOSITION TO DCR MORTGAGE 10 SUB 3, LLC'S
MOTION FOR RELIEF FROM AUTOMATIC STAY     1

as Exhibit "A" to the Declaration of Michael P. McGinn, filed in support of DCR's Motion, are simply inaccurate. Based upon the information provided herein, Debtor requests that the Court deny DCR's Motion.

## II.

## DCR'S ACCOUNTING OF THE AMOUNTS DEBTOR ALLEGED OWES IS INACCURATE

In its Motion, DCR contends Debtor owes the following principal, interest, and post-petition costs, associated with the Subject Property:

|  | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|
| Principal: | $10,595,798.08 |  | $10,595,798.08 |
| Accrued interest: | $3,992,701.57 | $ 14,716.37 | $4,014,776.12 |
| Late charges: | $7,922.43 |  | $7,922.43 |
| Costs (attorney's fees, foreclosure fees, other costs): | $267,584.18 | $77,923.50 | $345,507.68 |
| TOTAL CLAIM as of April 30, 2024 | $14,864,006.26 |  | $14,964,004.31 |

See Declaration of Michael P. McGinn, filed in support of DCR's Motion.

In its Motion, DCR contends that the last time the borrower (Debtor) made a payment was November 21, 2022, which partially satisfied the payment due on September 10, 2021. However, during Debtor's Chapter 7 Bankruptcy proceeding in the Central District of California (Case No. Case No. 2:22-bk-10061-BR), the Chapter 7 Trustee, using rental income generated from the real property located at 1020 12th Street, Sacramento, California, 95814 ("Subject Property"), provided payments to DCR. See Declaration of Robert W. Cllipinger, filed herewith. As referenced in the Operating Report, dated September 11, 2023, of David M. Goodrich, Chapter 7 Trustee in the Central District of California, Direct Capital Resources (DCR) was paid $55,186.00 on August 15, 2023. See Chapter 7 Trustee Monthly Operating Report Pursuant to 11 U.S.C. § 704(a)(8), dated

September 11, 2023, attached as Exhibit "A" to the Declaration of Robert W. Cllipinger, filed herewith. Another example of the Trustee Goodrich's payments is referenced in Trustee Goodrich's Operating Report, dated January 8, 2024, which references a payment of $55,186.00 on December 14, 2023. See Chapter 7 Trustee Monthly Operating Report Pursuant to 11 U.S.C. § 704(a)(8), dated January 8, 2024, attached as Exhibit "B" to the Declaration of Robert W. Cllipinger, filed herewith. Thus, contrary to the representations made by DCR's representative, Michael P. McGinn, payments were made to DCR after November 21, 2022.

DCR seeks relief from stay to allow it to conduct a Trustee Sale of the Subject Property. DCR's authority to conduct such a sale is pursuant to California Civil Code § 2924. Section 2294 requires DCR to provide an accurate accounting of the amounts Debtor owes. "The obligation of the beneficiary to provide the trustor with an accurate accounting of the amounts due to cure a default is governed by statute. Cal. Civ. Code § 2924c specifies that trustor may have the legal right to bring her account in good standing by paying all of her past due payments plus permitted costs and expenses within the time permitted by law. Cal. Civ. Code § 2924c(b)(1). Compliance with this provision necessarily requires that the beneficiary provide accurate information in response to an inquiry by the trustor." See *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1181 (C.D. Cal. 2011). Thus, unless the amount communicated, by DCR to the Debtor, is accurate, DCR does not have authority under California law to conduct a Trustee Sale of the Subject Property and, as such, it is not entitled to relief from the automatic stay.

## III.

## CONCLUSION

DCR's calculations and representations of the amounts allegedly owes, pursuant to the Loan Agreement, are simply inaccurate. As such, pursuant to California Civil Code § 2924, DCR is not entitled to relief under 11 U.S.C. § 362(d) (1) and, thus, its Motion for Relief From The Automatic Stay should be denied.

Dated: 6/12/24

LAW OFFICES OF YASHA RAHIMZADEH

By: _____
YASHA RAHIMZADEH
Attorney for Debtor
12th & K ST. MALL PARTNERS, LLC