**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                              ) Case No. 24-21715-C-7
                                    )
12TH & K ST. MALL PARTNERS, LLC,    )
                                    )
                                    )
           Debtor.
_____

**ORDER**

The Movant, Directed Capital Resources, LLC, filed this Motion seeking relief from the automatic stay with respect to the real property commonly known as 1020 12th Street, Sacramento, California. The matter came before the court on June 26, 2024, at 10:00 a.m.

Movant contends that relief should be granted pursuant to 11 U.S.C. § 362(d)(2) because the debtor lacks an equity in the property and it is not necessary for an effective reorganization.

The Movant has the burden of proof on the issue of the debtor's equity in the property. 11 U.S.C. § 362(g)(1). The Debtor, as the party opposing relief, has the burden of proof on all other issues. 11 U.S.C. § 362(g)(2).

Debt against the property is conceded by the Debtor to be at least $14,584,000.

Movant proffered an appraisal from a certified real estate appraiser opining the value of the property as $9,200,000.

The Debtor contends on the Schedules that the value of the property is $15,500,000.

This Court held a preliminary hearing on May 7, 2024, and

continued the motion until June 26, 2024, in order to enable the chapter 7 trustee to evaluate the case and to afford the Debtor an opportunity to produce evidence to support its view of value, to determine whether an effective reorganization (with conversion to chapter 11) might be feasible and to support the other issues as to which it has the burden of proof.

The Meeting of Creditors subsequently occurred, after which the Chapter 7 trustee filed a statement of non-opposition to this motion.

The final hearing occurred June 26, 2024. No other evidence probative of value was proffered. Nor was there any evidence to support the possibility that an effective reorganization might be feasible.

The court is persuaded that Movant has met its burden to demonstrate the debtor lacks an equity. Although there is merit to the Debtor's critique that Movant's $9,200,000 appraisal is too low because it focuses primarily upon rentals and vacancies experienced in a period in which there was not robust marketing, this Court is persuaded, and so finds, that no appropriate adjustment would support a finding of value of at least the $14,584,000 that would be needed to discern the "equity in such property" within the meaning of 11 U.S.C. § 362(d)(2)(A). Hence, the Movant has satisfied its burden of proof.

Despite the seven-week breathing space afforded to the debtor to attempt to demonstrate a potential for reorganization to satisfy its portion of the burden of proof, it has adduced no such probative evidence. Hence, the Debtor has not satisfied its burden to demonstrate that the property is "necessary to an

effective reorganiztion" within the meaning of 11 U.S.C. § 362(d)(2)(B).

It follows that the Debtor lacks an equity in the property and that it is not necessary to an effective reorganization within the meaning of 11 U.S.C. § 362(d)(2).

Therefore,

**IT IS ORDERED** that the Motion for Relief From Stay is GRANTED.

Dated: June 28, 2024

United States Bankruptcy Judge

1
2  **INSTRUCTIONS TO CLERK OF COURT**
   **SERVICE LIST**
3
   　　　The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:
4
5  12th & K St. Mall Partners, LLC
   4910 W 1st Street
6  Los Angeles, CA 90004

7  Yasha Rahimzadeh
   980 9th St 16th Fl
8  PMB 1021
   Sacramento, CA 95814
9
   Nikki B. Farris
10 2607 Forest Ave #120
   Chico, CA 95928
11
   Howard I. Camhi
12 10880 Wilshire Blvd., 19th Floor
   Los Angeles, CA 90024
13
   Office of the United States Trustee
14 501 I Street, Room 7-500
   Sacramento CA 95814
15

16

17

18

19

20

21

22

23

24

25

26

27

28